16-1472
Rozema v. U.S. Dep't of Health & Human Servs., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand seventeen.

PRESENT:  ROBERT D. SACK,
          RAYMOND J. LOHIER, JR.,
                  *Circuit Judges,*
          GREGORY H. WOODS,[*]
                  *District Judge.*
------------------------------------------------------------

Kyle Thomas Rozema,

          *Plaintiff-Appellant,*

          v.                                        No. 16-1472

United States Department of Health and Human Services, United States Food and Drug Administration,

          *Defendants-Appellees,*

---

[*]Judge Gregory H. Woods, of the United States District Court for the Southern District of New York, sitting by designation.

Philip Morris USA, ITG Brands, LLC,
R.J. Reynolds Tobacco Company, Santa Fe
Natural Tobacco Company, Inc.,

*Intervenors.*

-----------------------------------------------------------

FOR APPELLANT:     Kyle Thomas Rozema, *pro se*, Chicago, IL.

FOR APPELLEES:     Karen Folster Lesperance, William F. Larkin,
                   Assistant United States Attorneys, *for* Richard S.
                   Hartunian, United States Attorney for the
                   Northern District of New York, Albany, NY;
                   James C. Fraser, Associate Chief Counsel, United
                   States Food and Drug Administration, Silver
                   Spring, MD.

FOR INTERVENORS:   Mark S. Brown, Ashley C. Parrish, King &
                   Spalding LLP, Washington, D.C.; Kristen R. Ittig,
                   Geoffrey J. Michael, Arnold & Porter, LLP,
                   Washington, D.C.; Mark H. Lynch, Covington &
                   Burling LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the

Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND

DECREED that the judgment of the District Court is AFFIRMED.

Kyle Thomas Rozema, pro se, appeals from a judgment of the District

Court (Suddaby, C.J.) granting summary judgment in favor of the United States

Food and Drug Administration ("FDA") and the United States Department of

Health and Human Services with respect to Rozema's Freedom of Information Act ("FOIA") request. Rozema requested that the FDA disclose data it had gathered detailing the quantity of menthol in cigarettes by brand. The District Court held that the information was properly withheld under FOIA's exemption for trade secrets and confidential commercial information. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

FOIA exempts from disclosure materials that contain "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). Rozema acknowledges that the data he requested—the quantity of menthol in cigarettes by brand—contains trade secrets and confidential commercial information within the meaning of the FOIA exemption and is, therefore, exempt from disclosure. See Inner City Press/Cmty. on the Move v. Bd. of Governors of the Fed. Reserve Sys., 463 F.3d 239, 244 (2d Cir. 2006). Rozema has not identified any statutory provision that requires disclosure of the requested data. The FDA has not included menthol on its list of harmful and potentially harmful constituents, so the agency is not required to disclose menthol-related data under the Family Smoking Prevention and Tobacco Control Act. See 21 U.S.C. §§ 387d(d), (e). Nor has Congress obligated the FDA

to add menthol to its harmful constituents list and disclose the data. <u>See</u> <u>id.</u> § 387g(e)(3). We therefore conclude that the FDA correctly applied the FOIA exemption to deny Rozema's FOIA request. 5 U.S.C. § 552(b)(4).

We have considered Rozema's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk